UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------X

BALAJI NARAYANA SWAMY,

                                 Plaintiff,                    Civil Action No.: 19 Civ.

    -against-

AMOGH SESA CORP. and SESHA IYENGAR,        **Complaint and Jury Demand**

                                 Defendants.

-----------------------------------------------------------------X

Plaintiff, Balaji Narayana Swamy ("Plaintiff"), by his attorney, Corey Stark PLLC, complains of Defendants and respectfully alleges to the Court as follows:

## JURISDICTION AND VENUE

1.    The Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). The Court has supplemental jurisdiction over the New Jersey state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.    Venue is proper in this District because Defendants conduct business in the District of New Jersey, and the acts and/or omissions giving rise to the claims herein are alleged to have taken place in the District of New Jersey.

## PARTIES

3.    Plaintiff is a person who resides in Hudson County, New Jersey.

4. Defendant Amoch Sesa Corp. ("Swagath Gourmet") is a business corporation organized under the laws of the State of New Jersey which does business as "Swagath Gourmet."

5. Swagath Gourmet has a principal place of business at 655 A Newark Avenue, Jersey City, New Jersey 07306.

6. Upon information and belief, Swagath Gourmet has an annual gross volume of sales in excess of $500,000.

7. Swagath Gourmet is an "employer" within the meaning of the FLSA and N.J.S.A. 34:11-56a4 ("NJWHL").

8. Swagath Gourmet operates another restaurant located at Oak Tree Road in Edison, New Jersey, and, upon information and belief, at all times material the two restuarants have share management, as evinced by the fact that defendant Sesha Iyengar ("Iyengar") manages the operations of both businesses.

9. Upon information and belief, at all times material herein Swagath Gourmet jointly exercised control over the work or working conditions of the employees who work at both locations.

10. Upon information and belief, Iyengar is the principal business manager of both restaurants, and he exercises significant control of the day-to-day operations of both entities.

11. Iyengar is an "employer" within the meaning of the FLSA and NJWHL.

12. All defendants are hereinafter collectively referred to as "Defendants."

13. Plaintiff was employed by Defendants as a server.

14. This action arises out of Defendants' wrongful, illegal, and tortious conduct within the State of New Jersey.

**FACTS**

15. Defendants committed the following alleged acts knowingly, intentionally, and willfully.

16. Both federal and state labor laws provide that employees who work more than forty (40) hours per week must be paid at a rate of one and one-half times their regular lawful hourly rate.

17. Defendants employed Plaintiff as a server from approximately August 1, 2016, to December 31, 2017.

18. During his employment with Defendants, Plaintiff's primary duty was to take orders for food and drinks and to serve customers.

19. Throughout his employment by Defendants Plaintiff worked over forty hours each week without overtime pay.

20. Between the commencement of his employment by Defendants through and including December 31, 2017, Plaintiff worked more than ten (10) hours per day six (6) days per week.

21. Defendants never paid Plaintiff overtime premiums at a rate of one and one-half times his regular hourly rate for the hours he worked over forty (40) in a work week.

22. Defendants also required Plaintiff to surrender all gratuities to Iyengar even though Iyengar had no customer contact.

23. Defendants knew they were violating federal and state laws and economically injuring Plaintiff by failing to pay him overtime compensation.

## AS AND FOR A FIRST COUNT
### (*FLSA Claims, 29 U.S.C. § 201,* **et seq.***)*

24. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "23" inclusive with the same force and effect as if fully set forth at length herein.

25. At all relevant times Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of FLSA, 29 U.S.C. § 203.

26. At all relevant times Defendants have employed "employees," including Plaintiff.

27. Throughout the statute-of-limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff at a rate of one and one-half times his regular lawful hourly rate for each hour he worked in excess of forty hours per week.

28. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## AS AND FOR A SECOND COUNT
### (*NJWHL Claims - N.J.S.A. 34:11-56a4*)

29. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "23" inclusive with the same force and effect as if fully set forth at length herein.

30. Pursuant to New Jersey Wage and Hour Law and the wage orders promulgated thereunder, Plaintiff was entitled to overtime wages.

31. Defendants knowingly failed to pay Plaintiff at a rate of one and one-half times his regular lawful hourly rate for each hour he worked in excess of forty per week.

32. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of the New Jersey Wage and Hour Law.

33. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, in an amount to be determined at trial, pre- and post-judgment interest, and attorneys' fees, as provided by the New Jersey Wage and Hour Law.

**WHEREFORE,** Plaintiff demands the following relief:

(a) on the First Count of Plaintiff's complaint under the FLSA, against all Defendants jointly and severally, awarding Plaintiff damages for unpaid overtime premium pay, liquidated damages in the amount of 100% of Plaintiff's unpaid overtime premium pay, reasonable attorneys' fees and disbursements, costs, and post-judgment interest;

(b) on the Second Count of Plaintiff's complaint under the NJWHL, against all Defendants jointly and severally, awarding Plaintiff damages for unpaid overtime premium pay, costs, reasonable attorneys' fees and disbursements, pre-judgment and post-judgment interest; and

(c) on all counts of Plaintiff's complaint, for such other and further relief as the Court deems appropriate

        COREY STARK PLLC

        <u>/s/ Corey Stark</u>
        By: Corey Stark
        *Attorney for Plaintiff*
        110 East 59th Street, 22nd Floor
        New York, New York 10022
        (212) 324-3705

## JURY DEMAND

Plaintiff demands a trial by jury in this action.

Dated: New York, New York
March 1, 2019

                          COREY STARK PLLC

                          /s/ Corey Stark_____
                        By: Corey Stark (CS-3897)
                        *Attorney for Plaintiff*
                        110 East 59th Street, 22nd Floor
                        New York, New York  10022
                        (212) 324-3705