# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BALAJI NARAYANA SWAMY, <br><br> Plaintiffs, <br><br> v. <br><br> AMOGH SESA CORP. and SASHA IYENGAR, <br><br> Defendants. | Civil Action No. <br><br> 19-7347 (LDW) <br><br><br> **MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court on the parties' joint request for settlement approval. (ECF No 37). The parties have consented to proceed before a Magistrate Judge for all further proceedings, including entry of final judgment. (ECF No. 38).

## I. Background and Procedural History

1. The parties' proposed settlement resolves all claims in the above-captioned action.

2. Plaintiff Swamy Narayana Balaji commenced this action on March 4, 2019, alleging that defendants Amogh Sesa Corp. and Sasha Iyengar failed to pay him overtime wages for time worked in excess of forty hours per week in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a), *et seq.* ("NJWHL"). (Complaint, ECF No. 2). The Complaint also alleges that plaintiff, who worked as a server at defendants' restaurant, surrendered all gratuities to defendant Sesha Iyengar even though Mr. Iyengar had no customer contact. (*Id.*) Defendants answered the Complaint on August 12, 2019, and the case proceeded to fact discovery.

## II. Settlement Terms

3. The parties appeared for settlement conferences before the undersigned on November 20, 2020 and May 13, 2021, during which they engaged in good faith, arms-length negotiations and ultimately agreed to a full settlement of plaintiff's claims against defendants.

4. The parties submitted a settlement agreement and joint request for settlement approval on May 28, 2021.  (ECF No. 37).

5. The parties have agreed to settle this case for a total amount of $30,000.00 as follows:

   a. Payment of $18,200 to plaintiff.

   b. Payments of $10,000.00 in attorneys' fees and $1,800 in litigation costs to plaintiff's counsel.

## III. Approval of Settlement

6. To approve an FLSA settlement agreement in the Third Circuit, the Court must determine that "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'"  *Brumley v. Camin Cargo Control, Inc.*, Civ. A. No. 08-1798, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

7. "In determining whether the compromise resolves a bona fide dispute, the Court must be reassured that the settlement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching, and the bona fide dispute must be determined to be one over factual issues not legal issues such as the statute's coverage or applicability."  *Id.* (internal quotations and alterations omitted).

8. Here, there is a bona fide dispute between the parties over whether plaintiff worked in excess of forty hours during any week of his employment and whether he was forced to surrender gratuities. In the course of litigating this action, the parties completed substantial fact discovery – including the exchange of written discovery and the completion of three depositions – which allowed plaintiff to assess the viability and value of his claims.

9. "In determining whether a compromise is fair and reasonable, courts in this Circuit consider both (1) whether the compromise is fair and reasonable to the employee, and (2) whether the compromise otherwise frustrates the implementation of the FLSA." *Davis v. Essex County*, Civ. A. No. 14-1122, 2015 WL 7761062, at *2 (D.N.J. Dec. 1, 2015).

10. The Court has considered the factors set forth in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), and finds that the settlement reflects a fair and reasonable compromise of disputed issues and that the settlement terms are fair and reasonable to plaintiff. Plaintiff's counsel represents that the settlement will pay the majority of plaintiff's alleged lost earnings. (ECF No. 37 at p. 2). Moreover, the parties' settlement recognizes the expense of ongoing litigation as well as the risks of establishing liability and damages. Further, plaintiff acknowledges his concerns about collecting from defendants in the event of successful litigation given the financial difficulties faced by the defendant-restaurant during the COVID-19 pandemic. (*Id.*). The proposed settlement is the product of arms-length negotiation between parties represented by competent counsel and was achieved after the undersigned conducted two settlement conferences. Nothing in the record before the Court indicates that the proposed settlement has been achieved through fraudulent or collusive conduct.

11. Finally, the proposed settlement would not otherwise frustrate the implementation of the FLSA. The settlement agreement does not include a confidentiality provision. The

settlement agreement does include a mutual non-disparagement clause, but as it does not preclude plaintiff from discussing the terms of the settlement agreement, "it is not so restrictive that it frustrates the purpose of the FLSA." *Lyons v. Gerhard's, Inc.*, Civ. A. No. 14-06693, 2015 WL 4378514, at *5 (E.D. Pa. July 16, 2015). *See Mabry v. Hildebrandt*, Civ. A. No. 14-5525, 2015 WL 5025810, at *3 (E.D. Pa. Aug. 24, 2015) ("Courts have approved truly 'limited,' or narrowly drawn, confidentiality or non-disparagement clauses only where the clauses did not prevent plaintiffs from discussing the settlements with defendants' employees."). Nor does the settlement agreement provide for a general release of claims. *See Brumley*, 2012 WL 1019337, at *8.

12. Having considered the parties' submissions in support of their joint request for settlement approval, and for good cause shown, the Court approves the settlement memorialized in the final executed settlement agreement (ECF No. 37) and approves the payments to be made to named plaintiff as set forth therein.

### IV.   Award of Attorneys' Fees and Costs

13. When evaluating the reasonableness of attorneys' fees in wage and hour cases, courts in the Third Circuit generally apply the percentage of recovery method, under which "the Court must determine whether the percentage of total recovery that the proposed award would allocate to attorneys' fees is appropriate based on the circumstances of the case." *Bredbenner v. Liberty Travel, Inc.*, Civ. A. Nos. 09-905, 09-1248, 09-4587, 2011 WL 1344745, at *19 (D.N.J. Apr. 8, 2011) (quotation omitted); *see Mabry*, 2015 WL 5025810, at *3.

14. Plaintiff's counsel seeks $10,000.00 in fees, which represents 33 1/3% of the total settlement amount. This amount is within the range of reasonableness, and the Court will approve the proposed fee in light of the length of the litigation and the discovery in which counsel engaged. *Cf. Redden*, 2017 WL 4883177, at *2 ("Here, the proposed $14,406 in attorneys' fees represents approximately 36 percent of the $40,000 settlement fund, which is within the range of fee awards

approved by courts in this Circuit."); *Lyons*, 2015 WL 4378514, at *5 (approving attorneys' fees amounting to 44% of the total settlement amount, despite it being "on the higher side," where counsel reviewed approximately 12,000 pages of documents and conducted a deposition).

## V.     Conclusion and Dismissal

15.   The Court approves the terms and conditions of the settlement agreement.

16.   The parties shall proceed with the administration of the settlement in accordance with the terms of the settlement agreement.

17.   This case is dismissed with prejudice, with each side to bear its own attorneys' fees and costs except as set forth in the settlement agreement.

18.   The Clerk of Court is directed to mark this matter closed.

**It is SO ORDERED this 19th day of July, 2021.**

      *s/ Leda Dunn Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge